IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF PENNSYLVANIA

| | | |
|---|---|---|
| UNITED STATES OF AMERICA | ) | |
| | ) | |
| v. | ) | Magistrate No. 21-1740 |
| | ) | |
| SIMON BECERRA | ) | |

<u>AFFIDAVIT FOR CRIMINAL COMPLAINT</u>

I, Michael Johns, being first duly sworn, hereby depose and state as follows:

**INTRODUCTION**

1. Your Affiant, Michael Johns, being duly sworn according to law, aver that the following is true and correct to the best of my knowledge, information and belief and is based on personal knowledge or information provided by reliable sources.

2. I am an "Investigative or Law Enforcement Officer of the United States" within the meaning of Title 18, United States Code, Section 2510(7); that is, an officer of the United States who is empowered by law to conduct investigations of, and to make arrests for, offenses enumerated in Title 18, United States Code, Section 2516. I am also a "Federal law enforcement officer" within the meaning of Rule 41(a)(2)(C) of the Federal Rules of Criminal Procedure.

3. I am a Special Agent with the DEA and have been so employed since August 2002. I am currently assigned to the Pittsburgh District Office, which is located in the Western District of Pennsylvania, and have been so assigned since March 2010. Prior to my assignment at the Pittsburgh District Office, I was assigned to the Detroit Division Office, located in Detroit, Michigan.

4. I have completed 17 weeks of intensive narcotics training from the DEA's Justice Training Academy. Prior to my employment, I spent three and a half years working as a Federal

Police Officer for the United States Capitol Police Department in Washington D.C., and was assigned to patrol and protection details.

5. I have been involved in narcotics related arrests and the execution of search warrants which resulted in the seizure of narcotics. I have supervised the activities of informants who provided information and assistance resulting in drug buys. Further, I have experience investigating financial crimes and money laundering, particularly as these investigations relate to narcotics crimes. I have received training and experience in interviewing and interrogation techniques, arrest procedures, search and seizure, narcotics, undercover techniques, white collar crimes, search warrant applications, Title III investigation, and various other crimes.

6. During my training at the DEA Academy in Quantico, Virginia, I have received training in a variety of investigative and legal matters, including the topics of Fourth Amendment searches, the drafting of search warrant affidavits, and probable cause.

7. I have participated in a number of narcotics and money laundering investigations, which have resulted in the seizure of illegal drugs and evidence of drug violations, as well as the seizure of assets acquired with drug proceeds. I have conducted covert surveillance of suspected drug traffickers on numerous occasions, interviewed numerous individuals involved in the drug trafficking trade, participated in the execution of numerous search and arrest warrants, assisted in the arrest of narcotics traffickers, and assisted in the seizure of controlled substances.

8. I have handled cooperating sources of information who were involved in narcotics acquisition and/or trafficking. In addition, I have reviewed thousands of communications between drug traffickers as a result of my participation in multiple wiretap investigations, and I have had hundreds of conversations with drug traffickers and users as well as with other law enforcement officers about the methods and language used by traffickers to smuggle, store, and distribute drugs,

collect and launder drug proceeds, and avoid getting caught by law enforcement officers. Because of my narcotics-related training and knowledge, I am familiar with the methods and language used to distribute narcotics, to launder proceeds, and to operate drug-trafficking conspiracies. I also know that persons engaged in the trafficking of narcotics frequently possess weapons, including firearms, in furtherance of their trafficking operations.

9. On his oath, your affiant alleges the following in support of a criminal complaint charging Simon BECERRA ("BECERRA") with one count under Title 21, United States Code, Section 841 and seeking a warrant for his arrest.

10. During late July 2021, the Pennsylvania State Police, Troop B Vice Unit (PSP Vice B) executed a search warrant on a hotel room in Connellsville, PA. The execution of the search warrant resulted in PSP Vice B seizing approximately eight ounces of methamphetamine, packaging materials to include sandwich baggies and a scale, a notebook containing an owe sheet, costs and profit margins from cocaine and "ice", indicia and approximately $2,400.00 in United States Currency. The methamphetamine was later field tested which tested positive for the presence of methamphetamine by members of PSP Vice B.

11. The occupant of the hotel room was read their Miranda warning and signed a waiver and agreed to be interviewed. The cooperating source (CS) stated they have been selling methamphetamine for some time now. The CS stated they were receiving the methamphetamine from an individual known to them as "Sam Bacerra" (later identified as Simon BECERRA) who was a Hispanic male from the Dallas Texas area. The CS additionally provided telephone number 214-916-1201 as the number used by BECERRA. The CS stated they would meet BECERRA at the Greyhound Station in Columbus, Ohio, to receive the methamphetamine. The CS stated they believed they last met BECERRA at the Greyhound Station in Columbus, Ohio, and received

approximately a pound of methamphetamine the week prior to the execution of the search warrant by PSP Vice B.

12. SA Michael Johns received results through an administrative subpoena from Greyhound which revealed that Simon BECERRA departed from Dallas, TX on July 12, 2021, and arrived in Columbus, OH on July 14, 2021, at approximately 7:55am. The dates of travel coincide with the statement from the CS in regards to the last time the CS received methamphetamine from BECERRA.

13. SA Johns additionally received cellular telephone records for telephone number 214-916-1201. Through an analysis of those records, SA Johns identified the CS had communications and attempted communications with BECERRA approximately 143 times from the period of July 12, 2021 through July 21, 2021. Additionally on July 14, 2021, at approximately 7:30am, BECERRA received an incoming call from the CS and at approximately 7:50am, BECERRA made an outgoing call to the CS. SA Johns believes these communications were BECERRA and the CS communicating that he was at the Greyhound Station or relatively close to pulling in.

14. On August 23, 2021, members of PSP Vice spoke with the CS who stated BECERRA was enroute to Pittsburgh, PA, from Dallas, TX via Greyhound Bus Lines and BECERRA was additionally bringing two or three kilograms of methamphetamine. The CS stated BECERRA departed Dallas, TX at approximately 7:00pm on August 22, 2021, and is scheduled to arrive in Pittsburgh, PA at approximately 12:45am on Tuesday August 24, 2021. SA Johns additionally served an administrative subpoena on Greyhound on August 23, 2021, which revealed BECERRA boarded the bus in Dallas, Texas on Sunday August 22, 2021. SA Johns knows based on training and experience that drug traffickers and couriers will utilized commercial busses to

transport drugs to various locations from source cities in an attempt to thwart law enforcement. Drug traffickers and couriers additionally will use commercial couriers like busses since it lessens the chances of them being pulled over while they are operating a motor vehicle and risk the chance of their vehicle being searched by law enforcement.

15. I researched BECERRA's criminal history and discovered that he was arrested on March 25, 2009 for Possession of Controlled Substance by the Dallas Police Department and on October 16, 2013 for Possession of Controlled Substance.

16. On August 24, 2021, at approximately 8:15am, Simon BECERRA departed a Greyhound bus at 55 11th St., Pittsburgh, PA 15222. Shortly after departing the bus, Investigators approached BECERRA and he confirmed his identification. BECERRA was advised as to why Investigators had approached him. When asked if he had packed his own bags he initially told Investigators that he had packed his own luggage but then changed his story that he did not pack his own luggage. BECERRA additionally told investigators he had marijuana in his possession in his sock and told investigators they could get it. Investigators seized small amount of marijuana from BECERRA's left sock.

17. While investigators were speaking with BECERRA, he kept looking down and away while being spoken too. BECERRA would not have eye contact with the investigators and repeatedly had a nervous demeanor. BECERRA additionally kept reaching to get inside his blue shoulder bag and inside his pants pockets after repeatedly being told not to.

18. BECERRA denied consent to search his luggage when asked by Investigators.

19. A drug detection K9 was on location and alerted on a purple Sports Plus backpack and a purple Compackteam shoulder bag that was possessed by BECERRA.

20. A search warrant was authorized for the search of the contents of the Sports Plus backpack and Compackteam shoulder bag. Upon execution of the search warrant, Investigators recovered two cylinder shaped objects with an outer layer of grey duct tape from the backpack wrapped within a pair of pants. The objects were cut open through multiple layers of a grey plastic shopping bag, a plastic bag and dryer sheets to reveal clear shards of suspected methamphetamine.

21. A portion of the recovered substance was field tested and returned a positive result for the presence of methamphetamine. Additionally, the methamphetamine had a field weight of 1.08 kilograms.

22. The manner of packaging along with the quantity of methamphetamine, couple with the lack of user paraphernalia, is consistent with a person possessing the controlled substance with the intent to distribute it.

23. WHEREFORE, your affiant avers that there is probable cause to believe that on or about August 24, 2021, in the Western Judicial District of Pennsylvania, Simon BECERRA, possessed with intent to distribute a quantity of methamphetamine, in violation of Title 21 United States Code, Sections 841(a)(1) and 841(b)(1)(C), and that a warrant for his arrest should be issued.

The above information is true and correct to the best of my knowledge, information, and belief.

*s/ Michael Johns*____________
Michael Johns
Special Agent, DEA

Sworn and subscribed before me, by telephone
pursuant to Fed. R. Crim. P. 4.1(b)(2)(A),
This 24th day of August, 2021.

______________________________
HONORABLE PATRICIA L. DODGE
United States Magistrate Judge